IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                   No. CR 05-2765 JB

SHANNA BRI NARVAIZ and
RANDY LUCIANO NARVAIZ,
a/k/a Jacob Lawrence Mares,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Substitute Attorney, filed March 28, 2006 (Doc. 37). The Court held a hearing on this motion on April 3, 2006. The primary issue is whether the Court should give Defendant Shanna Narvaiz a new attorney because her current attorney, Ms. Marcia Milner, has allegedly made misrepresentations to the Court and has encouraged Narvaiz to lie to the Court. While the Court is not convinced that Ms. Milner has done anything improper, the Court will grant the motion because it is concerned that the attorney-client relationship has broken down to the point that new counsel would be appropriate.

## PROCEDURAL BACKGROUND

On December 28, 2005, a federal grand jury returned an indictment charging both Defendants with violating 21 U.S.C. § 846, Conspiracy; 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A), Possession with Intent to Distribute Five Kilograms and More of Cocaine, and 18 U.S.C. § 2, Aiding and Abetting. Narvaiz argues that her attorney, Ms. Milner, stated under oath that Narvaiz' husband abused her and her children. See Motion to Substitute Attorney at 1. Narvaiz represents that her

husband did not abuse them.  See id.  Narvaiz asserts that she understands that Ms. Milner is trying to help her, but contends that lying is not the correct approach.  See id.

Narvaiz also contends that she and Ms. Milner are always having arguments because Ms. Milner wants her to say things that are not true.  See id.  Narvaiz represents that Ms. Milner advises, in her words, that Narvaiz needs to "paint a picture."  Id.  Narvaiz states that, when she will not do what Ms. Milner advises, Ms. Milner harasses her and yells at her.  See id.

Narvaiz states that she is an adult and should not be treated like a child.  See id.  Narvaiz represents that she and Ms. Milner do not get along because of Ms. Milner's alleged lying.  See id. Narvaiz states that she asked Ms. Milner four different times if she can have another attorney, but Ms. Milner "denies" Narvaiz the opportunity to change attorneys.  Id.

On March 8, 2006, Narvaiz sent the Court a letter.  The Court treats the letter as a motion to substitute counsel.  Narvaiz requests that the Court change her attorney from Ms. Milner to a Federal Public Defender.  See id.

At the hearing on April 3, 2006, the Court asked the counsel for the United States to excuse himself so that the Court could talk to Narvaiz and Ms. Milner.  See Transcript of Hearing at 24:14-23 (taken April 3, 2006).[1]  Ms. Milner stated: "Your Honor I don't believe that I can ethically respond to anything that was written by Ms. Narvaiz.  But it's clear that we do not have an attorney-client relationship.  And I would join in and request to be allowed to withdraw."  Id. at 25:11-15.  When the United States was invited to return to the courtroom, its only concern was the possible effect of substitution of counsel on plea discussions.  See id. at 28:1-9.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

## **LAW REGARDING SUBSTITUTION OF COUNSEL**

Substitution of counsel is warranted when the defendant shows "good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." United States v. Porter, 405 F.3d 1136, 1140 (10th Cir.)(quoting United States v. Padilla, 819 F.2d 952, 955 (10th Cir. 1987)), cert. denied, 126 S. Ct. 550 (2005)(internal quotations omitted). Good cause requires "a total breakdown in communications" stemming from a "severe and pervasive conflict" between the attorney and client. Id. (quoting United States v. Lott, 310 F.3d 1231, 1249 (10th Cir. 2002))(internal quotations omitted). Good cause does not include a strategic disagreement between an attorney and client, an attorney refusing to structure a defense as defendant wants, or a mere preference for new counsel. See id.; United States v. Anderson, 189 F.3d 1201, 1211 (10th Cir. 1999)(citation omitted); United States v. Johnson, 961 F.2d 1488, 1490 (10th Cir. 1992).

The United States Court of Appeals for the Tenth Circuit has set forth four factors to assess the state of the attorney-client relationship:

> whether (1) the defendant's request was timely; (2) the trial court adequately inquired into defendant's reasons for making the request; (3) the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (4) the defendant substantially and unreasonably contributed to the communication breakdown.

United States v. Porter, 405 F.3d at 1140. The district court should engage in "an inquiry sufficient to explore and understand the defendant's concerns about the inadequacy of counsel." United States v. Vargas, 316 F.3d 1163, 1166 (10th Cir. 2003).

A court that confronts a motion to substitute counsel may face concerns emanating from the right to counsel found in the Sixth Amendment to the United States Constitution. See United States

v. Lott, 310 F.3d at 1251. Even if counsel provides competent representation, a breakdown in communication between the defendant and his attorney may imperil the client's ability to present an adequate defense. See id. "A defendant who cannot communicate with his attorney cannot assist his attorney with preparation of his case, including suggesting potential witnesses to call and trial strategies to pursue, discussing whether the defendant himself should testify, and helping formulate other bread-and-butter decisions that can constitute the core of a successful defense." Id.

## ANALYSIS

Narvaiz has shown good cause for substitution of counsel. Good cause can be shown by a total breakdown in communications stemming from a severe and pervasive conflict between the attorney and client. See United States v. Porter, 405 F.3d at 1140. Looking at the four factors to determine whether there has been a total breakdown in communications, see id., the Court notes that this motion is timely because it comes while this case is still in its early stages and with some time left before trial. The Court adequately inquired into Narvaiz' reasons for making her request at a hearing on April 3, 2006. There is no indication in the record that Narvaiz substantially and unreasonably contributed to the communication breakdown.

Also, Narvaiz' motion indicates that her conflict with Ms. Milner is so great that it has led to a total lack of communications precluding an adequate defense. Narvaiz alleges that Ms. Milner "harasses" and "yells" at her and treats her like a child. See Motion to Substitute Attorney at 1. Narvaiz also contends that Ms. Milner lied under oath and has urged Narvaiz to lie under oath. See id. Based on these allegations, the Court is concerned that Narvaiz and Ms. Milner cannot work together to prepare and present an adequate defense in this case.

While the desire to change attorneys alone is not a sufficient basis for the request, see United

States v. Johnson, 961 F.2d at 1490, the Court is concerned that, here, the attorney-client relationship has broken down to the point that a new counsel is appropriate. Ms. Milner is not a Federal Public Defender, but a CJA attorney. The Court will ask the Magistrate Judge to appoint Narvaiz new counsel off the CJA list.

**IT IS ORDERED** that the Defendant's Motion to Substitute Attorney is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Mark D'Antonio
   Assistant United States Attorney
Las Cruces, New Mexico

   *Attorneys for the Plaintiff*

Marcia J. Milner
Las Cruces, New Mexico

   *Attorney for the Defendant*

Shanna Narvaiz
Albuquerque, New Mexico

   *Defendant*